Commonwealth ex rel. Rubin *v.* Rubin, Appellant.

Argued June 10, 1963. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Alan Boroff*, with him *Morris Gerber*, and *Wisler, Pearlstine, Talone & Gerber*, for appellant.

*Lawrence A. Brown*, with him *Duffy, McTighe & McElhone*, for appellee.

OPINION BY ERVIN, J., September 12, 1963:

The single question involved in this appeal is whether the parties, who were once married, entered into a valid common law remarriage after their divorce.

On April 13, 1953 Israel Rubin and Marie Rubin were married in a ceremony before a Philadelphia magistrate. The parties lived together from that time until January 1962. On October 28, 1957, in a suit instituted by the wife, the parties were divorced. At no time during the divorce proceeding, which took approximately 19 months, did the parties separate. They continued to live together as they had done prior to the institution of the divorce proceeding. On September 10, 1954 a child, Erica, was born and on March 31, 1958 another child, Jamie, was born. Jamie was conceived during the pendency of the divorce action, which fact was admitted by Mr. Rubin. Only a few people knew of the divorce.

Shortly after the divorce, Mrs. Rubin went to Florida, taking with her her child. Mr. Rubin came to visit her in Florida and stayed with Mrs. Rubin in her apartment. She testified they had sexual relations together. He drove back from Florida with her, returning to the same address at which they had been living prior to the grant of the divorce. When driving back from Florida they stopped twice at motels where they registered as Mr. and Mrs. Rubin and stayed in the same room. Subsequently they also spent at least two weekends at the shore at motels where they also registered as Mr. and Mrs. Israel Rubin.

Mr. Rubin conducted his business from his home and would have salesmen and business acquaintances visit him there. He introduced Mrs. Rubin to these people as "my wife." In completing a nursery school application for the youngest child, Jamie, born after the divorce, Mr. Rubin placed the name of Mrs. Rubin on the line titled "wife." In applying for membership

in a swim club for the year 1961, Mr. Rubin inserted the word "Marie" after the words "wife's first name." Mr. Rubin himself admitted having intercourse with Mrs. Rubin on a number of occasions in the four-year period following the divorce.

The court below made an order of $80.00 per week for the support of Mrs. Rubin and their two children. Mr. Rubin appealed from that order. He does not object to the amount of the order nor does he object to paying the order for the support of the two children. His sole objection is to the inclusion of Mrs. Rubin in the order.

The court below felt that this case was controlled by *Wagner Estate*, 398 Pa. 531, 159 A. 2d 495, and we feel likewise. In that case the question was the same as the one here and the Supreme Court reversed the court below and determined that there was a valid common law remarriage after a divorce. The facts in that case are quite similar to the facts in the present case. Speaking for a unanimous court, Mr. Justice BOK said: "We are, however, not dealing with a first marriage but with a remarriage following divorce after twenty years of wedlock. In such case we think that the law's role of mere toleration of the common law relationship should be reversed and the status of remarriage favored, even if acquired with common law informality. If the law allows a spouse, in the generous amount of nine reasons, to establish by divorce that the marriage was a mistake, it should be at least equally eager to let both spouses discover that their divorce was also a mistake. We regard it better to encourage remarriage than to leave such parties under judicial edict that they were living sinfully together for ten years. If children had been born of this relationship, the wisdom of regularizing it if possible would be all the more apparent."

In *Wagner Estate* there were no children born after the divorce. In the present case the youngest child of

520

the parties, Jamie, was born on March 31, 1958, the divorce decree having been entered October 28, 1957. It is highly desirable that the birth of this child be legitimized.

Mr. Justice Bok points out that there were nine Pennsylvania cases involving common law remarriage and that in only two lower court Pittsburgh cases was the status of common law remarriage denied.

We think that the facts and circumstances in the present case are sufficient to justify a finding that the parties intended a remarriage. They continued to live together just as they had prior to the divorce and they held themselves out as husband and wife. Mr. Rubin on one occasion said that he did this to prevent embarrassment to the children. Irrespective of his reason for so doing, the fact is that he represented to the public that he and Mrs. Rubin were still man and wife.

Order affirmed.