**In re the Matter of Renee BRADLEY, Petitioner,**

v.

**Jacob BRADLEY,[1] Respondent.**

No. CS00–04215.

Family Court of Delaware.
Sussex County

Submitted: July 5, 2001.
Decided: Feb. 26, 2002.

---

1. Pseudonyms have been assigned to the parties and their family members to protect their identities.

Gerard R. Gray, Houghton, Holly & Gray, LLP, Georgetown, Delaware, for Renee Bradley.

Richard E. Berl, Smith, O'Donnell, Procino & Berl, LLP, Georgetown, Delaware for Jacob Bradley.

HENRIKSEN, J.

Pending before the Court is a Request for a Review of Commissioner's Order filed by Renee Bradley ("Petitioner") on June 18, 2001. Petitioner is requesting that the Court review the Commissioner's Order dated June 18, 2001 wherein the Commissioner granted a Motion to Dismiss Petition for Divorce filed by Jacob Bradley ("Respondent"). Respondent filed a response to petitioner's Request for Review of Commissioner's Order on July 5, 2001.

### Procedural History

Petitioner filed a Petition for Divorce in the Family Court of the State of Delaware on August 17, 2000. Respondent subsequently filed a Motion to Dismiss Petition for Divorce on September 25, 2000.

A hearing was held on respondent's Motion to Dismiss Petition for Divorce on May 4, 2001. Both parties were present in the courtroom. The Commissioner issued a written opinion on June 8, 2001 granting respondent's Motion to Dismiss Petition for Divorce.

Petitioner subsequently filed a request for a Review of Commissioner's Order. In her appeal, petitioner maintains that the Commissioner erred in dismissing her Petition for Divorce based on a finding that petitioner failed to establish that a common law marriage existed between the parties. She contends that the parties'

relationship was a case of remarriage and the Commissioner erroneously applied the stricter "toleration" standard of common law marriage applied to previously unmarried couples.

In his answer, respondent asserts that the Commissioner's Order should be affirmed. In support of his position, respondent makes reference to a Pennsylvania common law marriage case in arguing that one of the earliest requirements for the establishment of common-law marriage in Pennsylvania was the requirement of words in the present tense ("verba in praesenti"), uttered with the view and for the purpose of establishing the relation of husband and wife.[2] Respondent argues that there was no evidence presented at the hearing of the *verba in praesenti* necessary to prove a common-law marriage.

### Legal Standard

From an appeal of a Commissioner's Order this Court must make a *de novo* determination based on the record below.[3] Following a review of the record, it is the determination of this Court that the Commissioner's Order dated June 18, 2001 is hereby **REVERSED.**

### Summary of Facts

The parties were married on January 14, 1956 in Emporia, Virginia, and subsequently moved to Texas where respondent joined the Coast Guard. Shortly thereafter, respondent was relocated to Louisiana, and then to Florida, where the parties remained for approximately two years. While living in Florida, the parties had one child. In 1960, petitioner filed a petition for divorce. There was a hearing on petitioner's divorce complaint and both parties

appeared. On May 12, 1960 the parties were divorced by final decree in Bay County, Florida.

Following the parties' divorce in 1960, respondent moved to Philadelphia, Pennsylvania. Shortly after, petitioner and the parties' son moved to Philadelphia to live with respondent. In 1969, the parties purchased a home together, which was titled in their joint names, and the deed read Jacob Lester Bradley and Renee Masten Bradley, *his wife.* (Emphasis added) After 1960, the parties had two (2) more children together, Allison in 1961 and Mandy in 1965. In 1974, the parties separated and petitioner left the home while respondent remained with the children. Respondent subsequently relocated to the State of Delaware in 1982 where he has continued to reside. Petitioner and the parties' children moved to Delaware and lived with respondent for a short time until she was able to secure a residence of her own.

### Petitioner's Arguments

Petitioner first argues that the Commissioner erroneously applied the stricter toleration standard of common law marriage typically applied in cases involving previously unmarried couples. She further asserts that the Commissioner erred in concluding that *verba praesenti* was required to prove the existence of a common law remarriage. It should be noted that Delaware does not recognize common law marriages unless contracted in another state, such as Pennsylvania, where the validity of such marriages is recognized.[4]

■ Following a review of Pennsylvania case law on this issue, the Court found

---

2. *Gower Estate,* 445 Pa. 554, 284 A.2d 742 (1971).

3. Del.Fam. Ct. C.P.R. 53.1.

4. *Cook v. Carolina Freight Carriers Corp.,* 299 F.Supp. 192 (D.Del. 1969).

that there is a distinct difference between the doctrines of common law marriage and remarriage. "The law views a common-law marriage and a common-law remarriage differently. A common-law marriage is disfavored, *Baker v. Mitchell*, 143 Pa.Super. 50, 17 A.2d 738 (1941) while a common-law remarriage is favored. *Comm. Ex. rel Rubin v. Rubin*, 201 Pa.Super. 517, 193 A.2d 639 (1963); citing as controlling, *Wagner Estate*, 398 Pa. 531, 159 A.2d 495 (1960)." [5] In order to prove the existence of a common law marriage in Pennsylvania, "there must be an exchange of words in the present tense, spoken with the specific purpose of creating the legal relationship of husband and wife." [6] Furthermore, "cohabitation and reputation are not a marriage, they are but circumstances from which a marriage may be presumed, and such presumption may always be rebutted and will wholly disappear in the face of proof that no marriage occurred." [7]

Conversely, in cases of common law remarriage, it appears that Pennsylvania courts traditionally apply a more relaxed standard of proof. In one noteworthy case, *Fragapane v. Fragapane*, the Court specifically indicated that the strict language requirements of common law marriage do not apply to a common law remarriage situation.[8] The Court made reference to another common law remarriage case, *McDermott v. McDermott*,[9] which held that "the law's role of mere toleration of the common law relationship should be reversed and the status of re-

marriage favored, even if acquired with common law informality." [10] The *Fragapane* Court noted that "[i]n light of this expressed policy, the oft-criticized distinction between *verba de praesenti* and *verba futuro* in such cases has been relaxed ... In addition, the intent of the parties may be expressed in other non verbal ways." [11]

In *Fragapane*, the Court ultimately held that "where parties are married, were divorced two years later, then continued to live together for 8 more years until separating, but purchased and owned property, obtained loans, and held themselves out in the name of husband and wife after their divorce but prior to their separation, evidence was overwhelming that parties had entered into common law remarriage." [12] The Court has thoroughly reviewed the *Fragapane* case and finds that the pertinent facts are closely similar to the facts of the present case. This Court is therefore guided by the reasoning and principles set forth in *Fragapane* in addressing the arguments raised in petitioner's appeal.

■ In the June 8, 2001 Order, the Commissioner noted "[w]hile the Court recognizes the parties' continued their relationship after the divorce was entered, this Court does not find this is clear and convincing evidence to establish common law marriage. There was no evidence presented of an exchange of words nor sufficient evidence of a general reputation of

5. *Fragapane v. Fragapane*, 131 P.L.J. 421 (1983).

6. *Staudenmayer v. Staudenmayer*, 552 Pa. 253, 714 A.2d 1016, 1020 (1998).

7. *McDermott v. McDermott*, 236 Pa.Super. 541, 345 A.2d 914, 915 (1975).

8. *Fragapane*, 131 P.L.J. at 422.

9. *McDermott*, 345 A.2d 914. *See also, Globe Sec. Systems Co. v. W.C.A.B.*, 103 Pa.Cmwlth. 384, 520 A.2d 545 (1987); *Rubin v. Rubin*, 201 Pa.Super. 517, 193 A.2d 639 (1963).

10. *McDermott*, 345 A.2d at 919.

11. *Id.* at 422.

12. *Id.* at 422.

marriage."[13] It is the opinion of this Court that based on the Court's reasoning in *Fragapane*, the words of present tense are not required in this case because this is a case of remarriage between the parties. "Remarriage is sufficiently rare in human affairs to justify regarding it as Sui generis ... To deny the status of marriage, let alone remarriage, because words in the present tense cannot be proved, would be a clear injustice. It may even be said that certain acts may speak louder than words."[14] In common law remarriage cases, Pennsylvania courts afford great deference to the non-verbal expressions of intent between the parties. More specifically, the courts closely examine the behavior and conduct of the parties subsequent to the initial divorce in determining whether the parties' intended to resume the marital relationship. Therefore, based on the foregoing the Court is satisfied that the Commissioner erred in applying the common law marriage requirement of *verba praesenti* to the facts of the present case.

Petitioner next argues that the Commissioner abused her discretion in concluding that no evidence was presented of an utterance of words to establish the intent of the parties to re-enter their marriage. Following a review of the hearing transcript, the Court finds that there was conflicting evidence presented with respect to the exchange of words between the parties regarding their intent to reconcile after the divorce. Petitioner testified that immediately after the divorce hearing, respondent indicated that he did not want to be divorced and promised to be a good husband and father. Respondent presented no testimony to refute petitioner's assertion, other than indicating that he did not remember what happened after the parties left the courthouse. Nonetheless, the Court is satisfied that this issue is now rendered moot because as noted earlier, this is a case of remarriage and words of intent are not required to prove the existence of a common law remarriage.

■ In her next argument, petitioner asserts that the Commissioner erred in concluding that she had not met her burden of establishing that there was a general reputation of marriage in the community. The record reveals that at the hearing, petitioner testified that she and respondent introduced themselves to the community, and at school functions, as husband and wife. She further indicated that respondent never corrected her when she introduced him as her husband. Petitioner also presented testimony from the parties' oldest son, Stephen Bradley, who testified that he was raised to believe that his parents were husband and wife. He indicated that they interacted like a family, and his father would even buy his mother a card in celebration of their anniversary. Respondent presented minimal evidence to refute petitioner's testimony with respect to this issue. At most, respondent testified that following the parties' divorce in 1960, he did not consider himself married to respondent. He also indicated that he made an effort to stay in contact with his children. Based on the testimony presented, the Court is satisfied that the parties held themselves out as husband and wife both publicly and privately. Therefore, based on the foregoing, the Court finds that there was sufficient evidence presented to support a finding of a general reputation of marriage in the community.

Lastly, petitioner argues that the Commissioner erred as a matter of law by

---

13. *See,* Commissioner's Order dated June 8, 2001.

14. *In Wagner's Estate,* 398 Pa. 531, 159 A.2d 495, 497–498 (1960).

admitting double hearsay into evidence over Petitioner's objection, and then referencing that evidence in her decision. Following a review of the record the Court finds that the admission of the hearsay evidence amounted to harmless error because it was not the basis upon which the Commissioner's decision was rendered. Pursuant to Family Court Civil Rule of Procedure 61, "[t]he Court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." [15] The Court is satisfied that the Commissioner's decision to admit the double hearsay evidence for a limited purpose did not affect the substantial rights of petitioner in this matter.

## Findings and Conclusions

■ As indicated in *Fragapane* and *McDermott*, the intent to enter a common law remarriage may be expressed by the non-verbal expressions of the parties. In the present case, the parties were divorced by final decree of the Florida Court in 1960. However, only a few months following the divorce, petitioner joined respondent in Philadelphia where they lived together for approximately thirteen (13) years, and had two more children together. This Court is not convinced that respondent stayed with petitioner out of obligation to the parties' oldest son because the parties continued to have children together subsequent to the 1960 divorce decree. It is undisputed that in 1969, the parties purchased a home together in Pennsylvania. The Deed is dated January 24, 1969 and lists the grantees as "JACOB LESTER BRADLEY and RENEE NANCY BRADLEY, his wife". It is also undisputed that the parties filed joint federal individual income tax returns during the

period of time when they cohabited. These returns indicated that the parties were married filing jointly. Furthermore, the Court has already determined that there was sufficient evidence presented to support a finding of a general reputation of marriage in the community. Stephen Bradley also testified that growing up, he believed that his parents were married and his father even brought his mother a card in celebration of their anniversary and Valentine's day.

The Court has thoroughly reviewed the hearing transcript and finds that respondent has presented little evidence to refute petitioner's testimony regarding the nature of the parties' relationship. The crux of respondent's argument is that petitioner has an ulterior motive in bringing this divorce action, that motive being some type of financial interest. Following a review of the record, the Court found minimal evidence to support respondent's position. Therefore, the Court finds that it is without sufficient information to make a determination regarding this allegation.

Based on the foregoing, the Court is satisfied that the evidence presented in this case was sufficient to establish the existence of a common law remarriage. It is the opinion of this Court that this is clearly a case where "actions speak louder than words" [16], and the behavior and conduct of both parties in this case indicated an intention to resume a marital relationship.

Accordingly, it is the determination of this Court that the Commissioner's Order dated June 8, 2001 is hereby reversed, and this matter shall be scheduled for a Divorce hearing at the next available date.

15. Del.Fam. Ct. C.P.R. 61.

16. *Fragapane*, 131 P.L.J. at 423.

**IT IS SO ORDERED** this 26th day of February, 2002.